UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
     v.                             )   Cr. No. 12-106 WES
                                    )
FREDERICK BURDICK                   )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

This matter is before the Court on a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 32, "Second Motion to Vacate"). The Government has filed an objection to the Motion to Vacate (ECF No. 34, "Objection"). For the reasons stated herein, the Second Motion to Vacate is DENIED.

I.  Background[1]

On August 6, 2012, Burdick entered a guilty plea to a single count of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951. He was sentenced on October 22, 2012, to a term of 151 months of incarceration, followed by three years of supervised release. Judgment entered on October 24, 2012. Burdick did not appeal.

---

[1] The information in the Background section is taken from the Second Motion to Vacate and the Court's docket.

On June 24, 2016, Burdick, represented by counsel, filed a motion to vacate sentence based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) (ECF No. 24, "First Motion to Vacate"). By Order dated July 5, 2016 (ECF No. 26, "Order"), the Court held the matter in abeyance pending clarification of the applicability of Johnson to the United States Sentencing Guidelines ("U.S.S.G."). After the Supreme Court issued its decision in Beckles v. United States, 137 S. Ct. 886, 890 (2017) (holding that the U.S.S.G. were not subject to a vagueness challenge under Johnson), Burdick moved to dismiss the First Motion to Vacate. The Court granted the motion to dismiss by text order on April 25, 2017.

Burdick subsequently filed a letter motion for leave to file a new motion to vacate pursuant to § 2255. The Court granted Burdick's motion for leave on February 21, 2019, and Burdick filed the Second Motion to Vacate on April 2, 2019. On April 9, 2019, the Government filed its Objection to the Second Motion to Vacate.

II. Law

    A.   Standard of Review

Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

2

> impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Generally, the grounds justifying relief under 28 U.S.C. § 2255(a) are limited. A court may grant relief pursuant to § 2255 in instances where the court finds a lack of jurisdiction, a constitutional error, or a fundamental error of law. United States v. Addonizio, 442 U.S. 178, 185 (1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Id. (internal quotation marks omitted). Moreover, § 2255 is not a substitute for direct appeal. Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (citing cases).

B. Timeliness

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 "imposed significant new constraints on proceedings under section 2255. Some of these constraints were temporal; for example, AEDPA established a one-year statute of limitations for filing a section 2255 petition." Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) (citing 28 U.S.C. § 2255(f)) (internal footnote omitted). Section 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

III. Discussion

Burdick presents four grounds for relief in the Second Motion to Vacate. First, he challenges his designation as a career offender under the U.S.S.G. based in part on one of his prior convictions, Case No. K2/09-0621A, which, he claims, is no longer a crime of violence under Johnson. Second Motion to Vacate 2-4. He further states that all of his criminal history points should have been given to Case No. P2/07-2569A. Id. at 4, 7-8. Second, Burdick alleges that sentencing counsel was ineffective for failing to challenge the application of U.S.S.G. § 4B1.1 at

4

sentencing.  Id. at 5, 8.  Third, he claims that the two cases on which the career offender designation rests, Case No. P2/07-2569A and Case No. K2/09-0621A, were consolidated for sentencing in state court and, therefore, should have been counted as one sentence for purposes of U.S.S.G. § 4A1.1.  Id. at 1, 6.  Fourth, Burdick asserts that counsel for his First Motion to Vacate was ineffective for failing to discover the above sentencing errors and include them in that motion.  See id. at 8.  The Court need not address the merits of Burdick's claims, however, because it concludes that the Second Motion to Vacate is untimely.

As noted above, Burdick did not file a direct appeal. Therefore, his conviction became final when the time for filing an appeal, fourteen days, expired.  Fed. R. App. P. 4(b)(1)(A).[2] Accordingly, Burdick had until November 8, 2013, to file a timely

---

[2] Rule 4(b)(1)(A) provides:

> In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:
>
>     (i)  the entry of either the judgment or the order being appealed; or
>
>     (ii) the filing of the government's notice of appeal.

Fed. R. App. P. 4(b)(1)(A).

motion to vacate.  Burdick's Second Motion to Vacate, filed on April 2, 2019, is clearly untimely under § 2255(f)(1).

Burdick's first claim, that one of the cases on which his career offender designation was based is no longer a violent felony under the Supreme Court's decision in Johnson, Second Motion to Vacate 4, is untimely under § 2255(f)(3) as well.[3]  Even assuming, without deciding, that Johnson applies in Burdick's case, Johnson was decided on June 26, 2015.  See 135 S. Ct. 2551.  The Second Motion to Vacate was filed on April 2, 2019.  Therefore, even under that scenario, the Second Motion to Vacate is still untimely.[4]

Ground Two, Burdick's ineffective assistance of sentencing counsel claim, Second Motion to Vacate 5, should have been brought within one year of the date his judgment of conviction became final, November 8, 2012.  28 U.S.C. § 2255(f)(1).  To the extent Burdick's second claim is based on the Johnson error alleged in

---

[3] The Court assumes that Burdick intends to rely on § 2255(f)(3), "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ," 28 U.S.C. § 2255(f)(3), with respect to his first ground for relief.  The Court is required to construe Burdick's pro se motion liberally.  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

[4] The First Motion to Vacate was timely filed, since it was filed on June 24, 2016, within one year of the Supreme Court's decision in Johnson.

Ground One, this claim also should have been raised within a year of the Supreme Court's June 26, 2015, decision. Id. § 2255(f)(3).

Burdick's third ground, alleging misapplication of the career offender designation at sentencing, Second Motion to Vacate 6, should have been brought not later than November 8, 2013, 28 U.S.C. § 2255(f)(1). Accordingly, Ground Three, too, is untimely.

In Ground Four, Burdick alleges ineffective assistance of counsel with respect to his First Motion to Vacate. Second Motion to Vacate 8. Again assuming, for purposes of argument only, that counsel should have discovered the sentencing "errors" described above and included them in the First Motion to Vacate, Burdick's motion to dismiss the First Motion to Vacate was granted on April 25, 2017. Burdick then had a year in which to raise this issue. He did not bring the claim until he filed the Second Motion to Vacate on April 2, 2019. Burdick exceeded the statutory limitation period for filing this claim by almost two years. See 28 U.S.C. § 2255(f)(1).

The Court concludes that the Motion to Vacate is untimely under either § 2255(f)(1) or § 2255(f)(3). Therefore, it must be denied.

IV. Conclusion

Based on the foregoing, Burdick's Second Motion to Vacate (ECF No. 32) is DENIED.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability (COA) because Burdick has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Burdick is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: October 28, 2019